Good morning. Thank you for allowing me to argue on behalf of my client, Mr. Jeremy Hahn. The case before us involves a man, Mr. Jeremy Hahn, who was basically found guilty before the trial started, before the jury was seated, or any witnesses were called. Mr. Hahn was essentially found guilty when the district court found that his plea agreement and plea discussion statements could be omitted in evidence and used against him. The procedural facts are generally undisputed. Mr. Hahn initialed and signed a guilty plea agreement. In the guilty plea agreement, he specifically initialed some factual stipulations admitting to the essential elements of the offense. The government sought to use those factual stipulations in its case in chief. Mr. Hahn objected on the basis of, one, the plea was not accepted, and plea hearing never happened in this case. So the plea and the plea agreement were never judicially tested or approved and accepted. What about paragraph 8? I want to ask you about that because it says that basically these things can be used against them, quote, regardless of whether the plea agreement has been accepted by the court. Yes, I understand. That's what it says. However, it's our argument and the argument for the district court that that was not enforceable until the plea was actually accepted before the court. Doesn't that render that language superfluous, though? I would say maybe it does render it superfluous, but at the same time, it is our argument that, again, there was no acceptance by the trial court and there was really no performance on the plea until a plea hearing actually happened. This is distinguishable for cases where, like Young, where there was actual some performance made on the plea beforehand, where the defendants were released pretrial as part of that plea agreement. So we're, in this case, saying that the district court erred when it decided that the two bases didn't matter and it allowed the plea agreement to come into evidence. Like I said, our proposition, the same one that was argued before the district court as a plea agreement, cannot be enforceable until the district court has accepted a guilty plea. This is supported by prior circuit case law, the McGovern case, the Norris case. The district court, those were both. Guilty plea cases? Yes, Your Honor. Okay. Does that distinguish it from this case? I don't know if it does distinguish it from this case. In those cases, I believe the McGovern case, the person did eventually plea guilty. The defendant in that case, after the initial plea was withdrawn, the initial plea agreement, I believe that was the same in Norris as well. And so the district court cited only some of those. In both of those cases, there was no specific breach section in paragraph, right, like we have here? I don't believe so, Your Honor. I can't speak to the specific record. I don't remember reading it in either of the cases, so I can't say whether there was or wasn't. Was there a finding of a breach here? In this case, Your Honor, I believe the district court did find a breach, and that was, you know, one of the arguments from the government. However, it's our contention that, you know, the plea agreement wasn't breached because it was never accepted by the trial court or a plea agreement was never – sorry, a plea of guilty was never made in front of the district court. So that plea agreement really wasn't. So you're basically saying there was no plea at all? Correct, Your Honor. I mean, there was no plea of guilty at all in this case, in the Jeremy Hahn case. So the district court's finding that there was a breach, how do we review that? I believe that, again, we have to go back to look at whether there was an actual enforceable plea agreement in place. Would you concede that if there was a breach, that the information that was used could be used under the terms of the agreement? I think if you do get there – correct, if you do get there to where there was a breach, then you could look at those terms, and then we move on to the argument of whether it was voluntarily or knowingly made. But, again, it's our contention that there could not have been a breach because, you know, we're putting the cart before the horse. I mean, here, the plea agreement and the plea itself was not enforceable. I believe the government, when they get up and argue, and the argument in the brief is going to argue that the simple contract principles should govern. Basically, the parties can agree to anything. And we're not, you know, buying a car here or a piece of property. These contracts, the plea agreements, they deal with a person's freedom. And sometimes they can deal with 10 years or more of a person's freedom. And so, you know, if we say all that matters is the contract and the piece of paper, I mean, then we get to why do we even have a guilty plea hearing. What about in terms of the pre-breach obligations? Maybe they kind of merge here. But, you know, for instance, the plea agreement said he was going to plead guilty to count one, and he didn't plead guilty to count one, for example. And I'm sure there are other things like that. Why isn't that good enough for a breach? Well, Your Honor, I mean, if we say that, you know, somebody failing, and this might be more into the argument of whether or not a breach occurred. If we say that, hey, there's this breach that occurred because he didn't plead guilty, I mean, again, what's the remedy there? Is it specific performance in saying the person has to plead guilty, which I don't think you could ever get there and say a person has to plead guilty. I mean, for a person to plead guilty, they have to waive constitutional trial rights. I mean, they have to understand things. So, again, I'm, again, this may be getting into a different argument, but at the same time I don't think we can say a guilty plea is, or failing to plead guilty is a breach because it's not just performing on a contract. I mean, you're giving up constitutional rights by pleading guilty. And so, again, we have a guilty plea. But what obligations did the defendant undertake as a part of the agreement other than pleading? What else could be a part of a plea? Well, and I think that's what distinguishes this case from, you know, other cases like Young is that there really were no pre-plea obligations before, you know, the plea agreement. It was essentially, you know, he's going to plead guilty, but, again, we're arguing the contract was not enforceable before he actually pled guilty and the guilty plea was approved and accepted by the trial court. And so, again, back to my point of, you know, we have the guilty plea hearing, as I've said before, so a person has read their constitutional rights, they've read the possible penalties. And at the guilty plea hearing, I mean, the judge will ask questions of, you know, is the person thinking clearly? Are they under the influence of any prescription drugs or illegal drugs or alcohol? Is the person under the care of a doctor for any mental or emotional conditions? And that's because we want to have a neutral arbiter make these decisions of whether this person is pleading voluntarily and knowingly. And so in this case, you know, Mr. Hahn testified under oath at the pretrial hearing that he did not voluntarily and knowingly sign the plea agreement. And it's our argument that this is the affirmative showing required to nullify the Rule 410 waiver. I understand that his old attorney came in, Mr. Courtney, and testified, you know, he thought Mr. Hahn understood the agreement and understood everything, including the 410 waiver. However, you know, there's really no way for an attorney to truly know whether his client understood. And, again, this harkens back to what I just said about why we have a guilty plea hearing, is for that neutral judge to make a determination about whether, you know, Mr. Hahn is pleading guilty voluntarily and knowingly. And, again, he testified under oath at the pretrial hearing, whereas all we have before us on the flip side is the plea agreement, which was initialed and signed, but it was done in front of just one person, his attorney. And so we, again, we argue that Mr. Hahn's testimony about he didn't understand the plea agreement is that affirmative showing. Now, just as the plea should not have been admitted to evidence, it's our argument that Mr. Hahn's prior attorney should not have been allowed to testify. I didn't object, though, right, counsel? There was no objection at trial. As far as, Your Honor, the – The testimony by the prior defense counsel. Well, he objected. There was a couple of different hearings outside the presence of the jury. One was during Mr. Hahn's testimony between his direct, and I think they got a few questions into the cross-examination, and that's when they had a hearing outside the presence of the jury discussing whether the prosecutor could ask questions of Mr. Hahn about his discussions with his attorney. And the specific objections made were, you know, relevance and outside the scope. However, you know, Mr. Hahn's attorney at the time, the trial attorney, did talk about how he thought the attorney-client privilege wasn't necessarily waived to get into discussions between Mr. Hahn and his attorney. And then there was another hearing outside the presence before the old attorney, Mr. Courtney, was called to testify. So I guess our stance is that the objection was made and the issue was preserved, essentially through these pretrial hearings. And so, again, we are arguing that Mr. Hahn's attorney should not have been allowed to testify at trial. The point of rebuttal evidence is to, excuse me, contradict or impeach. The district court said that Mr. Hahn had previously testified at the pretrial hearing. He didn't understand the plea he was signing. And then at trial, he said, well, he signed the plea because it was a take-it-or-leave-it plea deal. The district court found, well, these, you know, are contradictory. However, it's our argument that they really aren't contradictory. They aren't mutually exclusive concepts. You can have a take-it-or-leave-it plea deal that you also don't understand. Again, the government claims that the defendant, or I'm sorry, the appellant, Mr. Hahn, opened the door to the rebuttal by stating this, that he was given a take-it-or-leave-it plea deal. Well, if his argument was that he didn't understand, why would it not be appropriate to have the person who explained it to him and engaged with him to make sure he understood it to testify in contradiction to his position? Sure. And, again, I think, you know, the why of why he signed the plea deal is he had a take-it-or-leave-it deal. I think he made reference at the pretrial hearing to his father, and he, you know, wanted to see his father again. And so as to your question of, you know, why the other attorney shouldn't have been allowed to testify, I mean, he didn't bring up in his direct exam that he didn't understand the plea deal. He said why he took the plea deal. He just didn't bring up that he didn't understand. And so, again, he didn't open the door to any rebuttal. It was really the government's cross-examination that opened its own door. And I see I'm getting to rebuttal time. Thank you, Your Honors. Thank you, Mr. Roth. Mr. Greenwood. Thank you, Your Honor. May it please the Court, my name is Patrick Greenwood. I represent the United States out of the Northern District of Iowa. Your Honors, it's well settled that a waiver, and specifically in this case, the waiver of Rule 411, Federal Rule of Criminal Procedure 11F, are enforceable without district court approval if shown to be knowing, intelligent, and voluntary absent a alternative showing. The cases of Washburn, Quiroga, and Supreme Court in Mezzanotto clearly state that this is a waivable and a presumed waivable aspect of a case. In the incident case, the district court, an independent arbiter, fact finder, did conduct a specific case analysis and found that this plea agreement was signed by Mr. Hahn, knowingly, intelligent, and voluntarily, and based off of the credibility of the two witnesses that were presented during the motion and limiting hearing, Mr. Hahn and the first attorney, Mr. Courtney. The court specifically made a finding that Mr. Courtney, the original attorney, was credible, specifically found that Mr. Hahn was not credible. That's the ultimate issue here for the first issue presented by the defendant, whether or not the enforceability of this was knowingly, intelligent, and voluntary. The district court properly found that it was. Therefore, it was properly admitted at trial. How did Mr. Hahn breach the agreement in the government's view? By not pleading guilty, Your Honor. It specifically states that the defendant would breach, if not pleading guilty, obviously did not plead guilty, therefore, enforceability of the contract. Are you also relying on the paragraph 8 that says that the acceptance of the court is not necessary? Yes, Your Honor. And specifically, that's the reason why that is put in there, to make that very clear, plain language that the defendant and the individual signing that understands that specifically throughout the plea agreement, it states that the individual had consulted with their attorney and had an opportunity to read and fully understand. If there are any questions, I'll move on to the second issue, the admissibility of Mr. Courtney as a proper rebuttal witness. Subpart to that is the attorney-client privilege. The defendant stated no specific aspects of testimony from Mr. Courtney, the original attorney, which violated attorney-client privilege. Mr. Courtney was properly allowed to be a rebuttal witness. As was briefly mentioned by my colleague, the defendant chose to take the stand, testified on direct examination under the circumstances surrounding the plea agreement. The factual stipulations specifically stated multiple times on direct examination that he signed that plea agreement in the presence and the consultation of his attorney and specifically even named Mr. Courtney, effectively an open court implicating the original attorney. Mr. Hahn proceeded to then, when specifically asked about subparagraphs in the factual stipulations, stated those, in fact, were not true. Defense attorney at trial then asked, why did you sign? At this point, this opens the door and properly the district court allowed cross-examination as to the circumstances surrounding the signing of the plea agreement. At that time, then, the defendant again testified, similarly as he did during his motion to eliminate hearing, that he didn't contradictory statements to what his defense attorney would provide, which specifically, then, is justification for a proper rebuttal witness, to contradict the testimony and to explain the testimony of another individual, which Mr. Courtney was properly able to do. So saying that I discuss it, naming your attorney and saying I discussed this with my attorney is enough to waive the privilege, or do you need to actually say something more, like my attorney did X and my attorney told me Y, and do we have that here? Your Honor, what we had here on direct examination was simply, on multiple times, the defendant stating that he signed this in the presence of his attorney. Therefore, effectively, again, inculpicating his attorney in with the signing of something that he knew to be a lie. I believe at that point, then, certainly proper cross-examination into the circumstances was warranted, and then as a rebuttal into the direct examination, then also the cross-examination, then bringing the circumstances. Specifically in this case, the defendant stated he didn't read it to me. The testimony from Mr. Courtney is that he did read it to him. That's what I'm getting at. So I'm trying to get at the specific statement. So if he says my attorney didn't, you know, names his attorney and says my attorney didn't read it to me, and then obviously you could, you know, arguably you could bring up the attorney and say, no, I did read it to him. Your Honor, specifically in this case, absolutely, because it's contradictory testimony to what the attorney would bring up. As far as how far out, we may be able to take that. I believe simply bringing in the fact that your attorney was with you gave you advice that would then open the door as well. But again, in this case, we had specific contradictory statements from the defendant. To what extent was the attorney's testimony objected to? Thank you, Your Honor. Multiple times throughout, in pretrial, it was brought up that Mr. Courtney may testify. There was no objection. At the time when the defendant testified, the cross-examination, that is when it was specifically objected to multiple times outside the scope and relevance. As my colleague pointed out, at that point then there was a hearing or the district court dismissed the jury to discuss specifics. In terms of proper rebuttal, it was at that time that the defense counsel made the district court aware that the government, that defense counsel believed the government was opening its own door during cross-examination of Mr. Hahn. The specific then for attorney-client privilege, that was made much later after there had been discussions on cross-examination where the defendant mentioned meeting with his attorney. So there was an objection to the attorney testifying based on waiver of attorney-client privilege? Your Honor, first it was outside the scope and relevance. No. And then it became mention of the attorney-client privilege. Thank you. Pre-trial. Thank you, Your Honor. On pre-trial specifically, the government to ensure understanding the sensitivities of another attorney testifying about communications or potential communications with a client, the court specific, excuse me, the government specifically asked before I believe day two whether or not the attorney-client privilege was still waived. The district court specifically asked the defense attorney whether that was also his understanding to which the defense attorney applied. Yes, that is also my assumption. Going into then that day, it was still brought up, it was still made aware of defense counsel that there would be testimony potentially of Mr. Courtney at that point was not brought up as a waiver. Specifically going into the waiver, first defendant specifically waived his attorney-client privilege during the motion limiting hearing when there was open testimony and open court by the defendant and by his counsel. Again, as noted, pre-trial, the government specifically asked for another note so that the attorney may be comfortable then to testify. And then again, at trial, the issue was brought up much later on. Absent any further questions, I'll move on to the third issue. The district court properly limited evidence which would be arguably or which under, admitted under Rule 412. Again, the government would argue the defendant didn't specifically bring up in its argument which other acts or which other evidence that the district court properly limited. The government is aware there was discussions about a three-page exhibit both parties had as an exhibit. That third page contained communications from three other individuals not defendant which had effectively responded to the victim in this case. Her open inquiry, if you will, to individuals in the area to which they responded. Again, the parties all agreed. The defense attorney, the trial attorney agreed that that was 412 information, had agreed they had not filed their specific 14-day notice. Therefore, it would not be, should not be admissible. The government is also aware that there was reference in government's exhibit, Rule 4A, the communications, the text messages where the victim in this case had reached out to defendant. Number one, maybe two occasions mentioned a he, another individual may come and pick up Casey or the victim in this case to which the government, or excuse me, the district court did allow, would have allowed the district, the defendant, defense attorney to inquire as to who he may be or if there was an investigation. However, anything outside of that the district court properly found to be clearly 412, therefore barred. And finally, to the issue of sufficiency of the evidence, the defendant now makes the argument specifically two-fold, that the government failed to prove a substantial step occurred. And then second, that knowledge of age, first for the substantial step. The defendant argues that the, effectively abandoned the crime before it was allowed to occur. The defendant cites to Young that a, where the court did hold that there was a substantial step occurred. In that case, the defendant used a credit card to secure a room, traveled to a motel, drove around to the area, and then traveled to a park to meet the defendant. Almost exact same fact pattern that we have here, Your Honors. The defendant communicated online, elicited, sent naked photographs of himself, received from the victim, made plans, traveled multiple hours across state lines, and the government would wholeheartedly disagree with the argument that the defendant made in his opportunity. I apologize for the language, but as is shown on the record, the defendant would not be able to meet up with the victim in this case. Texted, I'm about to head back home because this is a wild fucking goose chase. I don't know where that goddamn brown house is by. I don't know where the fuck you are. Thanks for the wild goose chase. It was not fun because I drove two hours for what. You suck so fucking bad. I fucking hate you. This clearly shows the defendant did not just abandon his opportunity or his desire to meet with the victim. It's simply that the victim didn't meet with the defendant. And then specifically to knowledge of age, the government would point to the multiple times in the plea agreement where the defendant admitted to knowing that the victim was 13 years old. The victim testified that she informed the defendant she was 13 or 14 years old. Agents testified to interviewing the defendant where he admitted that he would be willing to have sexual intercourse with minors. And then additionally, the MoCo space records where the victim had – where the defendant had reached out and effectively said, do you still want to fuck? And the victim said, even though you know my age. All these show sufficient evidence to show that the defendant did know the victim's age. Absolutely any questions I would submit. I see none. Thank you. Thank you, Mr. Greenwood. Mr. Roth. Thank you, Your Honor. Just a few points to things the government had brought up. To say that this issue regarding the plea agreement is well settled, we would disagree with this specific issue of whether the plea statements can be used before the plea is approved. It's not well settled in this circuit. The Kairoga case the government mentioned, that involved a post-acceptance plea. In this case, again, the government had mentioned that the district court did conduct fact-finding on the voluntariness or the knowingness of the plea. However, the procedural posture was very different in this case than if we had had a plea hearing. At this point, Mr. Hahn is saying he did not understand the plea. He's essentially calling into question the competence of his prior attorney. And so, of course, that prior attorney is going to come in and say, well, yeah, he understood it. It's different than a plea hearing where if Mr. Hahn had said during the plea hearing, I didn't understand this plea. The court is going to stop at that point from taking the plea if he didn't understand it, and they're going to make sure he knows. So, again, just given the difference in posture at this time, I think Mr. Hahn had made that affirmative showing that he did not understand the plea and the Rule 410 waiver. As far as the attorney-client privilege issue goes that the government had brought up, the government had said, you know, that Mr. Hahn had chosen to take the stand, and so he was implicitly waiving his attorney-client privilege. I mean, to say he had a choice, I think, is kind of a stretch because at this point, the plea agreement and the stipulations have already been entered into evidence. And so, really, Mr. Hahn had no choice than to get up and explain why he didn't take the plea. And, again, we're reiterating that, you know, he said it was a take-or-leave proposition. He never once brought up the prior representation of his counsel or how that failed. The only time that came up during Mr. Hahn's testimony was during cross-examination. And so the government was essentially bootstrapping or, you know, opening its own door. And so I'm almost out of time, and if there's no other questions, thank you, Your Honors. Thank you, Mr. Roth.